## COURT OF APPEALS, JANUARY TERM, 1849.

JAMES RICE, Appellant, vs. EDWARD FLOYD, Respondent.

In this case, the question was expressly raised and distinctly decided, that a final judgment, order or decree made in a cause before the first day of July last must be brought to this court by writ of error or appeal under the old law—not under the code. (The decision in the case of *The Mayor, &c., of New York* v. *Schermerhorn,* ante, page 334, and subsequent cases involving the same question on subsequent pages, reconsidered and approved.)

A. B. KETCHAM, for the respondent, moved to dismiss the appeal.

Floyd sued Rice before a justice of the peace, in August, 1847, and judgment was rendered for the Defendant. On certiorari, the Common Pleas reversed the judgment. Rice then brought a writ of error, and the Supreme Court, in *May last*, affirmed the judgment of the Common Pleas. Rice *appealed* to this court in *November last*, in the form and manner prescribed by the code.

N. HILL, Jr., for the appellant, opposed the motion.

BRONSON, Justice.—The judgment of the Supreme Court was rendered before the Code of Procedure took effect; and we have already held, that the review should have been sought under the old law, and not under the new, which has nothing to do with the case. (*Mayor of New York* v. *Schermerhorn*, ante, page 334; *Spalding* v. *Kingsland*, ante, page 337.) But as it has been suggested that those cases do not necessarily decide the precise point made by this motion; and as it is possible that we may have fallen into an error in the first essay at expounding the new system, I have been induced to re-examine the question, and am confirmed in the first opinion.

The 271st section of the code abolishes the old mode of reviewing judgments and decrees, and substitutes the new machinery in its place. But the section relates only to actions *commenced after the code took effect;* (§ 8,) which was the first day of July last; (§ 391,) and this action was both commenced and ended before that time.

This brings us to the 2d section of the supplemental code, which took effect at the same time with the *code;* (§ 18,) and by which the provisions of the code, contained in the 271st and certain other sections, were applied to *future* proceedings in suits *pending* when the code took effect. This suit was not pending on the first of July—it had been terminated in the preceding May; and, of course, there has been no proceeding in the suit since the first day of July, to be reviewed. Thus far, it is entirely clear, that the code says nothing about this case. The third subdivision of the 2d section, which speaks of the 271st and certain other sections, in connection with the review of judgments and decrees, "from which no writ of error or appeal shall have been already taken," furnishes ground for an inference in favor of applying the specified sections to the review of judgments rendered before the first of July, as well as those which should be rendered after that day. But the third, and all the other subdivisions of the section, are subordinate to, and qualified by, the general clause at the beginning; and if the language was as explicit one way in the subdivision, as it is the other way in the general clause, the latter would prevail; because it is the

superior or most important part of the section. It is the trunk on which all the branches depend. And the case is still stronger when we reflect that the inferior clause of the section furnishes nothing more than an inference, while the superior or general clause has express and unequivocal words, limiting the application of the section to proceedings *after* the first of July, in suits *pending* on that day.

We think the question has been properly settled, and that the code has nothing to do with the case. If a review of the judgment is desired, it must be had by writ of error, and not by appeal. The 11th section of the code does not stand in the way, for it only affects determinations "hereafter made," that is to say, made after the code took effect.

Appeal dismissed.

---

### A FEW BRIEF STATEMENTS CONCERNING THE ORDINARY PRACTICE OF THE COURT OF APPEALS.

A *copy notice of argument*, stating the judicial district in which the cause originated, should always be served on the clerk at least *eight* days before the first day of term, (Rule 16,) in order to give time to make up the calendar and *get it printed*. No note of issue is necessary, as the clerk takes the date of issue from the return (or other papers) on file.

If no return is filed when the calendar is made up, it is so stated on the calendar. And unless the return is filed before the cause is reached upon the calendar, the court cannot entertain jurisdiction of the case upon the merits.

Motions may be made to dismiss the appeal, &c., (or writ of error) without the return being filed, whether the cause is upon the calendar or not.

The court cannot judiciously exercise the power of examining a case upon the merits, unless such merits are *legally* before them—consequently, in cases appealed under the code, the date of issue must be from the day of filing the return in this court—no joinder in error or answer to petition of appeal being required.

All *final* judgments, orders or decrees entered *previous* to the first day of July last, should be brought to this court by writ of error, or petition of appeal, as formerly. (See the cases reported ante, page 334, and on subsequent pages.)

Motions on notice (five days) may be served for, and made on any motion day during term, (Tuesdays and Fridays of each week.)

If a cause is not at issue in season to notice it for the first day of term, it may be noticed (eight days) and be put upon the calendar (at the foot) for any day in term. (See rule 16.)

*Eleven cases and points*, should always be delivered to the clerk at the commencement of the argument of the cause.

It is no excuse, for the purpose of having a cause reserved on the calendar, or set down for a particular day, that the counsel is engaged in another court, or in professional business requiring immediate attention.

The court require a very good excuse, and strong reasons for opening a default regularly taken.

*The points*, as well as other papers, must be on *writing* paper. (Rule 16.)

---

NOTE.—The decision made in the case of *Traver* v. *Traver*, and another cause, touching proceedings *in partition*, ante, page 351, has (since the opinion in those cases has been in type) been *unanimously affirmed* by the general term of the Supreme Court held in Poughkeepsie, commencing on the first Monday of January, 1849. Mr. Justice McCOUN delivered the opinion of affirmance.